## CIRCUIT COURT OF LOUDOUN COUNTY

Dominion Bank, N.A.

v.

Jonathan G. Kogon, Sr.

October 15, 1993

Case No. (Law) 14610

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Demurrer of Dominion Bank, N.A., to the Counterclaim of Jonathan G. Kogon, Sr. After consideration of the memoranda filed by counsel and for the reasons hereinafter stated, the Demurrer is sustained.

Because this case is before the Court on a demurrer, the facts alleged in the Counterclaim are taken as true. Therefore, all facts stated herein are derived from the Counterclaim.

On June 16, 1993, the Bank filed its Motion for Judgment against Kogon seeking a judgment in the amount of $574,725.03 plus interest and attorney fees based on a note made by Kogon payable to the Bank which matured May 1, 1993.

In his Counterclaim, Kogon alleges that during the term of the loan, the Bank modified its original documents and requirements on numerous occasions to accommodate both him and the Bank. He alleges that in all its transactions with him, the Bank had the affirmative duty to deal in good faith in the performance and enforcement of its contracts with him and its duties to him, that this is a duty imposed by law, and that the violation thereof amounts to a tort. This allegation of a legal duty is a conclusion of law, and a demurrer does not admit the correctness of the pleader's conclusions of law. *Fox v. Custis*, 236 Va. 69, 71 (1988).

Kogon alleges that on April 17, 1992, the Bank offered an extension of the note, giving two alternatives. Thereafter, an officer of the Bank specifically promised that the Bank would modify and extend the note

for a period of three years, amortized over twenty years without any further action on Kogon's part.

Kogon alleges that the Bank generally violated its duty to him by:

(1) The Bank previously agreed to modify the loan with the only additional terms being that the principal would be amortized over twenty years with a maturity of three years. Thereafter, on or about May 16, 1993, the Bank specifically requested Kogon to make a $50,000.00 principal curtailment and generally requested additional terms that had not been requested in the past and not agreed upon by the parties.

(2) The Bank refused to honor its agreement of April 17, 1992, by threatening legal action against him if he did not agree to additional terms and by attempting to exert economic duress upon him.

(3) The Bank brought suit against Kogon.

Finally, Kogon alleges that the foregoing acts of bad faith on the part of the Bank were intentional and performed maliciously and in wanton and reckless disregard of his rights and their earlier agreement and that these acts of bad faith amount to a breach of the covenant of fair dealing.

The Bank's Demurrer has three grounds:

(1) The alleged oral agreement is not enforceable under the Virginia Statute of Frauds, specifically § 11–2(9).

(2) The Counterclaim fails to state a cause of action sounding in tort.

(3) The Counterclaim fails to state facts sufficient to sustain an award of punitive damages.

Kogon admits in his memorandum filed September 23, 1993, that the Counterclaim "sounds not in contract, but in tort." Therefore, the first ground asserted by the Bank in its Demurrer is moot, and it does not need to be addressed.

As to his tort claim, Kogon cannot utilize a contractual duty imposed by § 8.1–203 as the basis for a common law duty owed to him by the Bank. The obligation of good faith provided in § 8.1–203 is a contractual duty, and a violation of that duty gives rise to a breach of contract action, not a tort action.

Kogon has alleged no facts which give rise to any common law duty owed him by the Bank. All the interactions between him and the Bank arose out of the contractual relationship between them based solely on the loan and the supporting documents. Kogon has failed to state a cause of action in tort independent of the contractual duties between

the parties. *See Foreign Mission Board v. Wade*, 242 Va. 234 (1991). Further, I am of the opinion that the facts alleged in the Counterclaim show nothing more than actions on the part of the Bank to collect the money owed to it by Kogon.

Because I have found that the Counterclaim does not state a cause of action in tort, there is no need to address the third ground of the Demurrer concerning punitive damages. However, I am of the opinion that even if the facts alleged were deemed sufficient to state a cause of action in tort, they are insufficient to sustain an award of punitive damages.

Let counsel for the Bank submit an order sustaining the Demurrer to the Counterclaim and granting Kogon ten days after entry of the order to file an amended counterclaim, if he be so advised, to which Mr. Morrison may note his exceptions.